IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LAKESHIA SHERA SMITH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:25-cv-0144-BP |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Lakeshia Shera Smith protectively applied for Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application, finding that she was not disabled. Smith appealed, but the Social Security Appeals Council ("AC") rejected her request for review. At issue is whether substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Smith is generally capable of performing past relevant work and whether the ALJ applied the correct legal standard in reaching the conclusion. Finding that substantial evidence supports the ALJ's decision and that the ALJ applied the correct legal standard, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case.

I.    BACKGROUND

Smith first applied for DIB and SSI on August 21, 2021, alleging disability beginning September 30, 2022. Soc. Sec. Admin. R. (hereinafter "Tr."), 22, 43. On April 3, 2024, the ALJ denied her application. *Id.* at 19-24. Smith appealed the decision to the AC, which denied review on November 21, 2024. *Id*. at 6-8. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v.*

*Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Smith then filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

**II.    STANDARD OF REVIEW**

Titles II and XVI of the SSA govern the DIB and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434, 1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord id.* § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently engaged in any substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* §§ 404.1572, 416.972. Second, the claimant must have a severe impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpart P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers her past relevant work ("PRW"). *See id.* §§ 404.1520(a)(4), (e)-(f), 416.920(a)(4), (e)-

(f). RFC is "the most [a claimant] can still do despite [her] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id*. § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was substantial gainful activity and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2).  The Commissioner made his decisions regarding Smith's application prior to June 22, 2024, so the previous definition is proper in this case. *See* Tr. 24.

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence

is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

"A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the evaluation process here through step four. *See* Tr. 24-26. First, the ALJ found that Smith had not engaged in substantial gainful activity since May 23, 2021. *Id*. at 24. Second, he found four medically severe impairments: degenerative disc disease, degenerative joint disease, thyroid disorder, and obesity. *Id.* The ALJ also found one mild limitation on mental impairment. *Id.* at 26.

Third, he identified no impairment or combination of impairments that qualified under the federal regulatory list. *Id.*

The ALJ then assessed Smith's RFC:

> After careful consideration of the entire record, the undersigned finds that [Smith] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ropes, ladders, and scaffolds; can occasionally crawl; and can occasionally bilateral reach overhead. In addition, she must avoid

4

        concentrated exposure to extreme cold, vibrations, moving machinery, unprotected heights, and open flames.

Tr. at 27. The ALJ used this RFC and relied on testimony from a vocational expert ("VE") to determine at step four that Smith can perform PRW as a Medical Assistant (DOT 079.362-010/light/svp 6) and an Accounting Clerk (DOT 216.482-010/sedentary/svp 5). *Id.* at 29. The step-four finding meant that Smith was ineligible for DIB or SSI. *Id.*; *see Lovelace*, 813 F.2d at 58. The ALJ then found Smith "not disabled" under §§ 216(i) and 223(d) of the SSA. *Id.*

    Smith claims that "the ALJ's RFC finding was apparently facially defective because it failed to in any way account for Plaintiff's proven and admitted mental functional limitations in concentration, persistence, or pace" that the ALJ "had previously explicitly found." ECF No. 12 at 5-6. Smith argues the ALJ found mild functional limitations in this area and therefore should have included these functional limitations in the RFC. *Id.* Smith cites authority including 20 C.F.R. §§ 404.1523(c), 404.1545(a)(2), 404.1529(d)(4), claiming that "[u]nder Agency policy, an ALJ's RFC finding must include all of the limitations the ALJ has found to be supported by the evidence of record whether arising from severe impairments or non-severe impairments." *Id.* at 4. Further, Smith asserts that "[b]ecause the ALJ's findings do not show that Ms. Smith could perform skilled past work when all of her established limitations are considered, and because the ALJ made no findings about step five of the sequential evaluation process, remand cannot be avoided." *Id.*

    Smith also cites Tenth Circuit precedent to argue that such an error may be harmless when 1) the ALJ suggests the Plaintiff is capable of unskilled work, or 2) the ALJ suggests the Plaintiff is capable of skilled work but "the body of the RFC analysis . . . affirmatively explains why relevant mental functional limitations have been omitted despite the prior PRT findings." *Id*. at 6 (citing *Wells v. Colvin*, 727 F.3d 1061, 1068-71 (10th Cir. 2013)). Smith argues that remand is appropriate because neither of these situations apply. *Id.*

5

In response, the Commissioner argues that there was no error because "the Fifth Circuit has not established any requirement for an ALJ to include functional limitations [in the RFC] simply because the ALJ finds mild limitations in a 'paragraph B' domain." ECF No. 18 at 7. The Commissioner further asserts that "the Fifth Circuit . . . rejected the notion that the absence of mental limitations in an RFC constitutes reversible error when the ALJ found non-severe mental impairments at step two." *Id*. at 8. Finally, the Commissioner asserts that because "the ALJ carefully considered the entire record, including evidence pertaining to alleged mental limitations," reversal would not be appropriate. *Id.* at 7.

### A.     The ALJ evaluated Smith's mental impairments according to the Rules.

Under applicable regulations, the ALJ evaluates mental impairments at step two using a "special technique" called a psychiatric review technique ("PRT") to determine whether the claimant has a medically determinable mental impairment and then rates the impairment. 20 C.F.R. §§ 404.1520a(a)-(b). The ALJ assesses all the relevant evidence in the case record and "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5. The PRT is not an RFC. *Id.* at *4. Instead, the ALJ rates the severity of the mental impairments at steps two and three of the sequential evaluation process. *Id.*

"The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." *Id*. This assessment considers the claimant's abilities to: 1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). It is true, as Smith claims, that the "ALJ's RFC finding must include all of the limitations the ALJ has found to be supported by the evidence of record whether arising from severe impairments or non-severe

6

impairments." *See* 20 C.F.R. § 404.1545(a)(2); ECF No. 12 at 4 (citations omitted). However, the regulations "do not specifically require the ALJ to find that the limitations found in evaluating the mental impairment must be word-for-word incorporated into the RFC determination." *Patterson v. Astrue*, No. 1:08-cv-109-C, 2009 WL 3110205, at *5 (N.D. Tex. Sept. 29, 2009).

Here, the ALJ discussed at length Smith's mental impairments as they pertained to each of the four required areas. Tr. 25-26. The ALJ determined that Smith had mild limitations as to the third functional area of concentrating, persisting or maintaining pace. *Id.* at 26. He noted that Smith "reported in her Function Reports that she experiences constant pain, has headaches and cannot concentrate, feels hot and sweaty after her thyroidectomy, does not like changes in routine, and does not finish what she starts." *Id.*

The ALJ found that because Smith's mental impairments "cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are nonsevere (20 CFR 404.1520a(d)(1) and 416.920a(d)(1))." *Id.* At step three, the ALJ found that Smith "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." *Id.* These findings are "paragraph B" findings and do not directly correlate to the RFC. Because the ALJ properly applied the correct legal standard in assessing Smith's RFC, remand is not required on this point.

**B.     The ALJ's RFC finding was not defective.**

In formulating the RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other

7

evidence" and "also considered the medical opinion(s) and prior administrative medical finding(s)." *Id.* at 27. He summarized his findings as follows:

> Overall, the [Smith's] treatment and medical findings are not entirely consistent with the alleged intensity, persistence, and limiting effects of [Smith's] symptoms. Nevertheless, [her] diagnoses, treatment, and testimony support a finding that [she] experiences some limitations as a result of her medically determinable impairments. Therefore, it is reasonable to conclude that [she] is limited to a light exertional level . . . [t]he conclusion that [Smith] is capable of performing light work with additional limitations is further supported by considering other evidence, including [her] activities of daily living, the factor of pain, and opinion evidence.

*Id.* at 32.

Based on the facts in this case, the ALJ's mental RFC determination limiting Smith to the performance of "light work," does not contradict the ALJ's PRT finding that she was mildly limited in her ability to maintain concentration, persistence, or pace. *Id.* at 26. The decision reflects that the ALJ met the requirement to evaluate Smith's mental impairments pursuant to the PRT's "special technique" set forth in the regulations since he made such an evaluation. The ALJ then incorporated Smith's functional limitations in concentration, persistence, and pace into limitations in the RFC to "light work." *Id.* at 27-34.

Throughout the analysis, the ALJ considered Smith's mild mental impairments. *Id.* He reviewed Smith's questionnaires and considered the effects of Smith's chronic pain and headaches. *Id.* at 31. He also integrated Smith's "history of headaches, temperature sensitivity, [and] reported dizziness" into the RFC, stating "she should avoid concentrated exposure to extreme cold, vibrations, moving machinery, and unprotected heights." *Id.* at 32. The ALJ then considered Smith's capacity regarding activities of daily living, finding that her "activities of daily living provide further support that [Smith] is able to perform work activities pursuant to her [RFC]." *Id.*

The ALJ noted reports from several medical appointments that described Smith as having "normal orientation," "no focal neurological deficits," and "normal alertness/orientation." *Id.* at 28, 30.

The ALJ properly discussed the evidence in the record in making the RFC determination, explained his reasoning for that determination, and exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into the RFC that the record most supported. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). While the ALJ did not include "word-for-word" reference to Smith's mental impairments nor include a separately titled section of analysis in his decision, the rules do not require either. *Patterson*, 2009 WL 3110205, at *5. The ALJ "consider[ed] all of [Smith's] medically determinable impairments . . . including . . . impairments that are not 'severe'" as required. 20 C.F.R. § 404.1545(a)(2). Smith urges the Court to seize upon a perceived inconsistency to conclude that remand is required. But Smith has not demonstrated how the challenged inconsistency, assuming it exists, deprives the ALJ's mental RFC assessment of the substantial evidence necessary to support it. Accordingly, remand is not required on this point.

### IV.   CONCLUSION

Smith has not shown that substantial evidence did not support the RFC. The ALJ's RFC properly considered Smith's four medically severe impairments and one mild mental impairment. He found that Smith could perform PRW as both a Medical Assistant and an Accounting Clerk, which did not require her to perform work-related activities that were inconsistent with her RFC. Tr. 29. Consequently, remand is not required. Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice**.

It is so **ORDERED** on November 20, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

10